# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN M. BROWN, SR. | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 18-CV-0430-CVE-FHM |
| | ) |
| JANET DOWLING, Warden, et al, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's civil rights complaint (Dkt. # 1) and motions to proceed in forma pauperis and obtain counsel (Dkt. ## 2, 3, 7). For the reasons below, the Court shall require plaintiff to amend the complaint and provide an inmate account statement. All other requested relief is denied.

### I.

Plaintiff, appearing pro se, is incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma. See Dkt. # 1, at 1. He alleges prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. Id. at 9. The following facts are drawn from the legible portions of plaintiff's complaint.

Plaintiff underwent surgery on his right eye on February 23, 2018. See Dkt. # 1 at 11. In April 2018, he experienced eye pain. Id. at 10. Officer Anderson frequently reported plaintiff's complaint to medical staff, who refused to see him. Id. At least three other individuals (Sergeant Bowman, plaintiff's lawyer, and a case manager named Pamticee) also tried, and failed, to obtain care for plaintiff. Id. at 10, 24. At some point, P.A. Wagner discontinued plaintiff's pain medication. Id. at 11. Plaintiff alleges that Michelle Lehnus, a health services administrator, is

responsible for at least some of the issues. Id. at 14. She directed Wagner to discontinue pain medication and directed medical staff not to see plaintiff. Id.

Based on these issues, plaintiff filed a grievance and an informal complaint through the law library. See Dkt. # 1 at 14. Lehnus then issued an offense report accusing plaintiff of sexual harassment and other menacing behavior during his patient encounters. Id. She reported that physicians refused to see plaintiff due to his threatening behavior. Id. at 14-16. Plaintiff maintains the report is untrue, and Dr. Bowler allegedly agreed. Id. at 15. Plaintiff still has blood in the back of his eye. Id. His received his last injection of pain medication on April 24, 2018. Id. at 25.

Plaintiff filed the complaint on August 20, 2018. He names the following defendants: (1) Janet Dowling, warden; (2) Michelle Lehnus; (3) Bethany Wagner, P.A.; (4) Sergeant Farmer; (5) Pamticee, a case manager; (6) Dr. Bowler; (7) Nurse Rebera; (8) Nurse Mandy; (9) Angela Carter, who works in security and the medical unit; and (10) Nurse CC. See Dkt. # 1 at 3-9. Plaintiff seeks $10 million in compensatory damages and $10 million in punitive damages from each defendant. Id. at 26.

**II.**

Before reaching the merits of plaintiff's claims, the Court will address his three pending motions. In the first motion, plaintiff seeks to prosecute his claims without paying the $400 fee for this civil action.[1] See Dkt. # 2. More recently, plaintiff moved for an order directing prison officials to submit a $5 partial payment from his inmate account. See Dkt. # 7. The Court finds that both motions are premature. If plaintiff qualifies under the in forma pauperis statute, the initial partial payment will not necessarily be $5. The initial partial payment must be equal to "20 percent of the

---

[1] The $400 civil fee consists of a $350 filing fee and a $50 administrative fee. See 28 U.S.C. § 1914; District Court Miscellaneous Fee Schedule, ¶ 14.

greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). Further, Court cannot rule on the in forma pauperis motion and, if applicable, calculate the initial partial payment because plaintiff did not submit a certified copy of his six-month account statement. See 28 U.S.C. § 1915(a)(2). The Court will, therefore, deny the trust account motion (Dkt. #7) and order plaintiff to submit a six-month account statement in support of his in forma pauperis motion (Dkt. # 2) no later than December 3, 2018. If plaintiff fails to timely comply, the Court may deny the in forma pauperis motion (Dkt. # 2) or dismiss this action without further notice.

### III.

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. See 28 U.S.C. § 1915A(a). The Court must dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint . . . could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

Because plaintiff is pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Id. However, the generous construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. The Court need not accept "mere conclusions characterizing pleaded facts," see Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990), and it will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Applying these standards, the Court finds that plaintiff's complaint does not survive initial review. The complaint consists of 63 pages, which alternate between the official pro se form, written pages of narrative, and internal grievance reports. See Dkt. # 1. Much of the writing is illegible, and it is nearly impossible to discern how each defendant engaged in the alleged wrongdoing. Id. A successful § 1983 complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis omitted). See also Monroe v. Owens, No. 01-1186, 2002 WL 437964, * 3 (10th Cir. March 21, 2005) (dismissal is appropriate where "[i]t is impossible to tell from the face of the complaint which

defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred").²

Further, to the extent some allegations are discernable, the complaint fails to state a cognizable Eighth Amendment claim. "To establish an Eight Amendment claim based on inadequate medical care, the prisoner must prove both an objective component and a subjective component." Redmond v. Crowther, ⎯⎯ F.3d ⎯⎯, 2018 WL 798283, at *6 (10th Cir. Feb. 9, 2018) (quoting Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)). "The objective component requires showing [that] the alleged injury is 'sufficiently serious.'" Id. (citing Self v. Crum, 439 F.3d 1227, 1230-31 (10th Cir. 2006)). A delay in or denial of medical care is only sufficiently serious if the plaintiff can show it resulted in "substantial harm." Id. (citing Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)). "A 'lifelong handicap, permanent loss, or considerable pain may satisfy the substantial harm requirement.'" Id. (quoting Mata, 427 F.3d at 751). "The subjective component requires showing [that] the prison official 'knew [the inmate] faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.'" Id. at 7 (quoting Martinez v. Beggs, 563 F.3d 1082, 1088–89 (10th Cir. 2009)). "The subjective prong is met if prison officials intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed." Id. (internal quotation omitted).

Here, plaintiff's only concrete allegations are that Wagner discontinued pain medication; Lehnus barred medical staff from seeing him; and he experiences pain and had blood in his eye. See Dkt. # 1, at 14-16. These facts do not sufficiently describe the pain level or the problem with plaintiff's eye. Moreover, it not clear that Wagner, Lehnus, or any other defendants knew of and

---

²     The Court cites this decision, and other unpublished decisions herein, as persuasive authority. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

disregarded a substantial risk of harm. The Court, therefore, finds that plaintiff's complaint fails to state a claim upon which relief can be granted. The Tenth Circuit counsels that pro se litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, the Court will allow plaintiff to amend his complaint no later than December 3, 2018. If plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a cognizable claim, the Court will dismiss the case without further notice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to appoint counsel (Dkt. # 3), and motion to release funds from his trust account (Dkt. # 7), are **denied.**

2. No later than **December 3, 2018**, plaintiff must submit a certified copy of his inmate account statement for the six-month period immediately preceding this lawsuit, and the motion to proceed in forma pauperis (Dkt. # 2) remains **under advisement**.

3. No later than **December 3, 2018**, plaintiff must file an amended complaint, curing the deficiencies identified herein.

4. The Clerk shall send plaintiff a blank civil rights complaint (form PR-01) marked "amended" and identified as Case No. 18-CV-0430-CVE-FHM.

**DATED** this 2nd day of November, 2018.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE