UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| KEVIN M. BROWN, Sr. | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-0430-CVE-FHM |
| JANET DOWLING, Warden, et al, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court are plaintiff's amended civil rights complaint (Dkt. # 10, supplemented by Dkt. ## 12, 13) and motions to proceed in forma pauperis (Dkt. ## 2, 11). For the reasons below, the Court will grant the motions, dismiss certain claims, and order service on the remaining defendants.

### I.

Plaintiff, appearing pro se, is incarcerated at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma. See Dkt. # 10, at 1. He alleges that prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. Id. at 3-4. The following facts are drawn from plaintiff's amended complaint (Dkt. # 10) and supplements thereto (Dkt. ## 12, 13).

Plaintiff underwent surgery on his right eye on February 23, 2018. See Dkt. # 10, at 13. Thereafter, he experienced pain and bleeding in his eye. Id. at 2, 12. Plaintiff scheduled a follow-up appointment for May 14, 2018 at the Dean McGee Eye Institute (Dean McGee). Id. at 3-4; see also Dkt. # 12, at 1. That day, he boarded a transport van with Sergeant Farmer to attend the

appointment. See Dkt. # 10, at 3-4, 13. However, Sergeant Farmer inexplicably changed course before arriving at Dean McGee and returned to the prison. Id. Sergeant Farmer then lied about the trip, reporting that Dean McGee providers refused to see plaintiff due to his threatening behavior. Id. at 3, 5. Plaintiff alleges that Michelle Lehnus, a health services administrator, P.A. Wagner, Dr. Bowler, medical secretary Angela Carter, and case manager Pamticee all attempted to "cover the matter up." Id. at 5.

Plaintiff continued to experience eye pain in the following weeks. See Dkt. # 10, at 2-5. On May 18, 2018, Pamticee called the medical unit and explained that plaintiff was in great pain following an emergency eye surgery. Id. at 2. Carter, the unit secretary, stated plaintiff was "not coming to medical at all," and was "not getting any medical attention." Id.; see also Dkt. # 12, at 2. Plaintiff's attorney and Sergeant Guess then called the medical unit ten or more times on plaintiff's behalf. See Dkt. # 12, at 2; see also Dkt. # 13, at 1-2. However, Carter, nurses CC and Rebera, and health services administrator Lehnus would not allow plaintiff to be seen. See Dkt. # 12, at 2; see also Dkt. # 13, at 5; Dkt. # 10, at 1. P.A. Wagner also refused to administer the pain medication prescribed by plaintiff's ophthalmologist, with the exception of two pills. See Dkt. # 12, at 1.

Plaintiff filed a grievance in May of 2018, and prison officials rescheduled his Dean McGee appointment for July 3, 2018. See Dkt. # 10, at 10. By then, however, plaintiff had lost vision in his right eye. See Dkt. # 12, at 1; see also Dkt. # 13, at 2, 5. Plaintiff alleges the loss is attributable to the delay in medical care. See Dkt. # 13 at 2, 5.

Plaintiff filed his original complaint (Dkt. # 1) on August 20, 2018. By an opinion and order entered November 2, 2018 (Dkt. # 9), the Court determined the complaint failed to state a

cognizable claim and granted leave to amend. The Court also directed plaintiff to submit a six-month account statement to support his in forma pauperis motion (Dkt. # 2). Plaintiff timely complied, and the matter is ready for additional review. See Dkt. # 10-13.

**II.**

As an initial matter, Plaintiff seeks to prosecute his claims without prepaying the $400 fee for this civil action.[1] See Dkt. ## 2, 11. Plaintiff's financial information reflects that he lacks sufficient funds to prepay the filing fee. Accordingly, the Court will grant the motion, which reduces the fee to $350, and allow plaintiff to pay in installments. See 28 U.S.C. § 1915(b). No later than **February 12, 2019**, Plaintiff shall make an initial partial payment of **$28.97**, which represents 20 percent of the greater of: (1) the average monthly deposits, or (2) the average monthly balance in plaintiff's inmate account(s) for the six-month period preceding the filing of the complaint. See 28 U.S.C. § 1915(b)(1). Plaintiff is advised that unless he timely makes the initial partial payment or shows cause in writing for the failure to comply, this action will be dismissed without prejudice.

In addition to assessing an initial partial filing fee, the Court will enter an order directing JCCC to collect, when plaintiff's prison accounts exceed $10, monthly payments equal to 20 percent of his preceding month's deposits until the $350 is paid. See 28 U.S.C. § 1915(b)(2) Interference by plaintiff in the submission of these funds shall result in the dismissal of this action. Notwithstanding any fee that may have been paid, the Court shall dismiss at any time all or any part of plaintiff's complaint that: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. Id. at §§ 1915A, 1915(e). Plaintiff is further advised that monthly payments will be collected until full

---

[1] The $400 civil fee consists of a $350 filing fee and a $50 administrative fee. See 28 U.S.C. § 1914; District Court Miscellaneous Fee Schedule, ¶ 14.

payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**III.**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. See 28 U.S.C. § 1915A(a). The Court must dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint . . . could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

Because plaintiff is pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Id. However, the generous construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. The Court need not accept "mere conclusions characterizing pleaded facts," see Bryson v. City of

4

Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990), and it will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Applying these standards, the Court finds that plaintiff's claims against Farmer, Carter, Wagner, Lehnus, CC, and Rebera survive initial review. Plaintiff alleges that he permanently lost vision in his right eye, which is sufficiently serious for Eighth Amendment purposes. See Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001) (the substantial harm requirement may be satisfied by a "permanent loss."). The amended pleadings further demonstrate that Farmer, Carter, Wagner, Lehnus, CC, and Rebera intentionally interfered with plaintiff's access medical care, despite numerous phone calls and pleas regarding pain and bleeding. The subjective prong is, therefore, met as to those defendants. See Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005) (finding subjective intent where defendants allegedly failed to act "as gatekeeper[s] for other medical personnel capable of treating the condition").

As to the remaining defendants (Warden Dowling, Pamticee, Dr. Bowler, and Nurse Mandy), there are no allegations demonstrating personal involvement in the alleged wrongdoing. The amended pleadings indicate that Warden Dowling knew about plaintiff's issues and refused a call from his attorney. See Dkt. # 10, at 1; see also Dkt. # 13, at 5. However, plaintiff has not alleged that any official policy of Dowling caused the harm, which is required to impose liability on a warden. See Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010). The only allegation implicating Pamticee or Dr. Bowler is that they tried to "cover up" Sergeant Farmer's lie, and that Dr. Bowler knew P.A. Wagner had reduced plaintiff's pain medications. See Dkt. # 10, at 5; see also Dkt. # 13, at 4. Such facts, without more, are insufficient to show that Pamticee or Bowler

personally prevented plaintiff from obtaining medical care. Finally, the amended pleadings do not mention Nurse Mandy, aside from including her in the caption. See Dkt. # 10, at 2. The Court, therefore, finds that the amended pleadings fail to state a claim against defendants Dowling, Pamticee, Bowler, and Mandy. Plaintiff's claims against those defendants will be dismissed pursuant to 28 U.S.C. § 1915A.

Based on the foregoing, the Court will order service on defendants Farmer, Carter, Wagner, Lehnus, CC, and Rebera, provided plaintiff satisfies two conditions by February 12, 2019. First, he must submit six completed USM-285 service forms listing the name and address of each remaining defendant. Second, he must make an initial partial payment of $28.97. If plaintiff fails to satisfy either condition, this lawsuit will be dismissed without further notice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motions to proceed in forma pauperis (Dkt. # 2, supplemented by Dkt. # 11) are **granted**.

2. No later than **February 12, 2019**, plaintiff must submit an initial partial payment of **$28.97**, or show cause in writing for his failure to pay.

3. No later than **February 12, 2019**, plaintiff must submit six completed USM-285 service forms listing the name and address of **each** remaining defendant (Farmer, Carter, Wagner, Lehnus, CC, and Rebera).

4. The Clerk shall send plaintiff six USM-285 service forms identified as Case No. 18-CV-0430-CVE-FHM.

**DATED** this 10th day of January, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE