UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN M. BROWN, SR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0430-CVE-FHM |
| | ) | |
| MICHELLE LETTNUS, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is plaintiff's motion to reconsider (Dkt. # 19). Plaintiff challenges a prior opinion dismissing certain civil rights claims and ordering service on the remaining defendants. For the reasons below, the Court will deny the motion.

**I.**

Plaintiff, appearing pro se, is incarcerated at the James Crabtree Correctional Center (JCCC) in Helena, Oklahoma. See Dkt. # 10 at 1. He alleges that prison officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. Id. at 3-4. The Court determined plaintiff's original complaint (Dkt. # 1) failed to state a cognizable claim and granted leave to amend. See Dkt. # 9. Thereafter, plaintiff filed an amended complaint (Dkt. # 10) along with two supplements (Dkt. # 12 and 13). The amended complaint alleges that ten JCCC officials refused to provide adequate medical care following plaintiff's eye surgery.

By an opinion entered January 10, 2019, the Court determined that plaintiff's claims against defendants Farmer, Carter, Wagner, Lehnus, CC, and Rebera survive initial review. See Dkt. # 15 at 5. However, the Court dismissed the remaining claims against Warden Dowling, Pamticee, Dr.

Bowler, and Nurse Mandy because plaintiff failed to demonstrate that they were personally involved in the alleged wrongdoing. Id. Plaintiff filed the motion to reconsider (Dkt. # 19) on January 25, 2019. He asks the Court to reconsider its dismissal of Warden Dowling and Dr. Bowler. See Dkt. # 19 at 1. He also contends the amended complaint named the Dean McGee Eye Institute (eye institute), which should be included as a defendant. Id. at 3.

## II.

Because Plaintiff's motion to reconsider was filed within 28 days of the challenged judgment, the Court will apply Fed. R. Civ. P. 59(e). Grounds warranting Rule 59 relief "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quotations omitted). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

Having reviewed plaintiff's motion, the Court finds no basis for reconsideration. The amended complaint did not - as plaintiff contends - name the eye institute as a defendant. The second page of the amended complaint contains an enumerated list titled "Total Defendants," and the eye institute is not on the list. See Dkt. # 10 at 2. Further, even if plaintiff did name the eye institute, there is no indication that it was acting under the color of state law. Any § 1983 claims

against the eye institute are, therefore, not viable. See West v. Atkins, 487 U.S. 42, 57 (1988) (Section 1983 liability only attaches where medical providers act under the color of state law).

The motion also fails to identify any new evidence or law that would warrant reconsideration as to Dr. Bowler or Warden Dowling. Plaintiff contends that Bowler "played a big role" in the alleged wrongdoing, and that Dowling was personally involved because she is responsible for running the facility. See Dkt. # 19 at 1, 3. The Court considered and rejected similar arguments in its prior ruling. The opinion noted that Bowler's role is unclear, and that plaintiff failed to identify a specific policy of Dowling that caused the harm. See Dkt. # 15 at 5. Plaintiff may disagree with that ruling, but this is not an appropriate basis for reconsideration under Rule 59(e).

**ACCORDINGLY, IT IS HEREBY ORDERED** that plaintiff's motion to reconsider (Dkt. # 19) is **denied.**

**DATED** this 6th day of February, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE